El Pueblo de Puerto Rico, demandante y apelado *v.* Juan Lugo González, acusado y apelante.

No. 4949.—*Sometido:* Mayo 3, 1933. *Resuelto:* Julio 28, 1933.

*Luis F. Camacho,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

 Juan Lugo González fué convicto en dos ocasiones, primero en una corte municipal y luego, después de un juicio *de novo*, en la corte de distrito, de una infracción a la sección 3 del título II de la Ley Volstead. Alega que la corte de distrito cometió error al declarar sin lugar una moción sobre supresión de evidencia, "en abierta violación de lo dispuesto en la sección 25 de la Ley Nacional de Prohibición." Esa sección provee que: "No se expedirá ningún mandamiento de allanamiento de morada para registrar un domicilio particular ocupado como tal, a menos que fuese utilizado para la venta ilegal de licor embriagante, o a menos que en parte se use para algún negocio tal como una tienda, taller, salón, restaurant, hotel, o casa de huéspedes." La moción sobre supresión de evidencia no mencionaba ningún registro ni allanamiento ilegal de la casa del acusado. Ella dice "que el acusado había sido denunciado por poseer para fines ilegales de venta en un baile de negocio que se celebraba en su casa de vivienda como veinticuatro cuartillos de ron cañita, los cuales fueron ocupados por el policía insular A. Negrón;" y "que los veinticuatro cuartillos de ron cañita ocupados en el caso de epígrafe lo fueron en el domicilio particular del acusado, sin que para su ocupación mediara una orden de allanamiento, en contravención a lo dispuesto en el artículo 25 de la Ley Nacional de Prohibición." Ni esa sección de la ley ni la disposición constitucional que garantiza contra registros y allanamientos ilegales prohibe la incautación de licor en una casa sin la formalidad de una orden de allanamiento cuando el dueño de tal casa, como negocio, la ha convertido en un salón de baile público, donde la posesión del licor en cuestión se tiene para el fin ilícito de venderlo en un baile ya iniciado y donde tal licor es ocupado por la policía sin necesidad de hacer un allanamiento ni búsqueda del mismo.

La moción fué presentada primeramente en la corte de distrito, antes de que se empezara a ofrecer prueba alguna. Al terminarse la presentación de la prueba de El Pueblo,

el fiscal ofreció en evidencia el licor que había sido ocupado al acusado. El letrado de éste manifestó que no tenía objeción a que el mismo fuese admitido. El juez de distrito admitió entonces esta prueba, el fiscal cerró su caso y la defensa solicitó la absolución del acusado. Quizá esta moción, tal cual se discute, podría ser considerada como una renovación de la moción sobre supresión de evidencia. De todos modos, el apelante en su alegato discute el supuesto error cometido por el juez de distrito al declarar sin lugar su moción desde el punto de vista de la prueba aducida durante el juicio y hace caso omiso de la situación existente al tiempo en que se dictó la orden directa de la corte sobre tal moción. Sin embargo, esta moción no tiene mejor base al ser considerada a la luz de la prueba aducida.

Negrón, de pie en la obscuridad, fuera de la cocina, vió a Lugo sirviendo a sus huéspedes algo en pocillos. Los concurrentes, luego de tomar el contenido de los pocillos, tomaban agua. El olfato de Negrón pronto le indicó que Lugo estaba sirviendo ron. También notó que Lugo llenaba los pocillos de una botella que tenía debajo de una mesa. Entonces él entró en la cocina y al meter la mano debajo de la mesa, en busca de la botella, halló en unión a ella el resto del licor. El hallazgo fué un mero incidente a la ocupación de la botella utilizada por Lugo en la presencia insospechada del policía. No fué "una mera empresa exploratoria con el propósito de encontrar algo." No era necesaria, ni se hizo, "una búsqueda exploratoria general." Véase Cornelius "on Search and Seizure" 89, sección 26, citado por el apelante. La incautación del licor utilizado por Lugo en la comisión del delito en presencia y, a la vista del funcionario que lo ocupó, no fué ilegal, y el hallazgo y confiscación incidentales del otro licor que estaba en el mismo sitio y que evidentemente estaba próximo a ser usado en igual forma, no equivalió a una violación de la disposición estatutaria invocada por el apelante, como tampoco de disposición constitucional alguna.

█ El apelante también sostiene que la sentencia es con-- traria a derecho y a la prueba. La argumentación se dirige solamente a la suficiencia de la prueba. Ésta es sustancialmente que no hubo prueba de ninguna venta ni de tentativa alguna de vender. Negrón declaró que cada vez que un concurrente recibía de Lugo un pocillo con una mano, extendía la otra y daba a Lugo algo que éste tomaba. Este testimonio está incontrovertido. La regularidad con que este intercambio simultáneo se efectuaba permanece sin explicar. En ausencia de cualquier explicación, la inferencia es de que lo que Lugo recibía era un *quid pro quo*.

*La sentencia apelada debe ser confirmada.*